## Stewart, et al. v. Foltz, Sr.

(Decided October 27, 1925.)

Appeal from Kenton Circuit Court.

Fences—Chancellor's Finding of Consent to Use of Barbed Wire in Division Fence Held Not Error.—Chancellor's finding on conflicting evidence that plaintiff landowner consented to the use by defendant adjoining lot owner of a barbed wire in a division fence held not error.

JOHN H. KLETTE for appellant.

EDWARD J. TRACY for appellee.

Opinion of the Court by Judge McCandless—Affirming.

Peter Foltz and T. J. Stewart own adjoining tracts of land. The division line extends from the old state road a distance of 600 feet, to Popp's line, there being a pond about equidistant from each end. The division fence from the state road to the pond is maintained by Stewart out of woven wire and the other half is constructed and maintained by Foltz out of barbed wire.

The only issue is one of fact as to whether or not Stewart has consented to the use of the latter material. Foltz purchased his tract of land about 1895, and Stewart's purchase was eight or nine years later. Stewart claims that at the time he purchased there was no barbed wire in the division fence, but that a picket and wire fence extended the entire distance, that some ten or twelve years ago he furnished woven wire for a new fence and Foltz furnished the posts and constructed it. Subsequent to that period he maintained the line between the pond and the state road and Foltz the other part; that Foltz from time to time without his consent repaired his end of the line with barbed wire, baling wire and other material of like character; that about two years since it was agreed that each should reconstruct his half of the fence, and that he did construct a new woven wire fence on his end of the line, but that Foltz without his consent continued to use barbed wire on the other half, and this suit was brought to enjoin him from so doing.

Foltz denies these allegations and claims that originally the entire fence was constructed of barbed wire;

he admits that a picket and wire fence existed from the pond to the road at the time of Stewart's purchase and that by agreement Stewart furnished the wire and he furnished the posts and constructed a woven wire fence on that part of the line, but claims that the fence from the pond at Popp's line was at that time constructed of barbed wire and that Stewart furnished two strands of wire for that purpose and also the stretchers with which to string the wire, and that it has since been maintained out of barbed wire by agreement of the parties.

A number of witnesses have testified on each side corroborating the principals to a greater or less extent. The numerical weight of the evidence probably being on the side of Foltz and the chancellor found in his favor and dismissed the petition. While the case is not free from doubt, in view of the conflicting evidence some weight must be given to the judgment of the chancellor, and we are not prepared to say that he has erred in his conclusions.

Wherefore, the judgment is affirmed.